# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Johnnie Henderson (B-01349), | ) |
| Plaintiff, | ) |
| | ) Case No. 17 C 50071 |
| v. | ) |
| | ) Judge Frederick J. Kapala |
| Warden John Varga, et al., | ) |
| Defendants. | ) |

## ORDER

    Plaintiff's motion for leave to file *in forma pauperis* (Dkt. 5) is denied pursuant to 28 U.S.C. § 1915(g), and the action is summarily dismissed because Plaintiff failed to advise the Court that at least three of his previous cases have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Having brought this action, Plaintiff nevertheless remains obligated to pay the full filing fee of $400. Plaintiff is again reminded that before pursuing any future litigation, he must pay any outstanding fees. The Clerk is directed to send a copy of this order to the trust fund officer at the Dixon County Correctional Center. Plaintiff's motions for attorney representation (Dkt. 3) and for service of process at government expense (Dkt. 4) are denied as moot. The Clerk shall enter judgment accordingly and terminate this case.

## STATEMENT

    Plaintiff Johnnie Henderson, a prisoner at Dixon Correctional Center, brings this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that on June 17, 2013, Governor Quinn expunged his conviction, and Attorney General Lisa Madigan dropped all charged against him and faxed an order to the prison to have Plaintiff discharged. The order went missing and Warden Pfister refused to discharge Plaintiff. Plaintiff subsequently filed a habeas corpus petition in state court, which was "erroneously dismissed." Plaintiff then filed a federal habeas corpus petition in federal court, which was also "erroneously dismissed." Plaintiff states that "Defendants refuse to give [him] a copy of [his] expungement order" and "continue to hold [him] beyond the terms of [his] expungement." Plaintiff also alleges that Defendants have discriminated against him by not allowing him to maintain money in his trust fund account. Plaintiff alleges further that a Doctor Mershon failed to provide him with adequate medical care in conjunction with an injury he sustained while trying to escape from prison. (Dkt. 1, pg. 7-10)

    The Prison Litigation Reform Act provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a Court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of Plaintiff's litigation history shows that Plaintiff has "struck out" for purposes of 28 U.S.C. § 1915(g), as he has had at least three prior suits or appeals dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. *See*, *e.g.*, *Henderson v. Kazmierski*, Case No 12 C 2998 (N.D. Ill.) (Bucklo, J.) (dismissed for failure to state a claim by order of April 27, 2012); *Henderson v. Walker*, Case No. 08 C 1217 (C.D. Ill.) (Baker, J.), (dismissed for failure to state a claim by order of November 12, 2008); *Henderson v. Jones*, Case No. 08 C 1339 (C.D. Ill.) (Baker, J.) (dismissed for failure to state a claim by order of August 13, 2009); *Henderson v. Pierce*, Case No. 11 C 1108 (C.D. Ill. (Shadid, J.) (dismissed for failure to prosecute and failure to state a claim by order of July 7, 2011); *Henderson v. Punke*, Case No. 13 C 1353 (C.D. Ill.) (Shadid, J.) (dismissed for failure to state a claim by order of September 11, 2013); *Henderson v. Pfister*, No. 15 C 1394 (C.D. Ill.) (Myerscough, J.) (dismissed for failure to state a claim by order of April 22, 2016).

Plaintiff has also been previously advised on multiple occasions that he has "struck out" and that he must disclose all of his prior litigation. *See e.g.*, *Henderson v. Lewis*, Case No 15 C 1395 (C.D. Ill.) (Baker, J.) (Dkt. 9, order of Nov. 17, 2015 admonishing Plaintiff that he was "not entitled to proceed *in forma pauperis* because he has continued to hide his litigation history and his three strikes status from the Court"); *Henderson v. Pfister*, Case No. 15 C 1416 (C.D. Ill. (Myerscough, J.), (Dkt. 9, order of November 30, 2015, noting that Plaintiff has been "repeatedly admonished" that if he filed a § 1983 suit, "he must pay the filing fee in full or disclose that he has accumulated three strikes"); *Henderson v. Obama*, Case No. 14 C 1025 (C.D. Ill. (Darrow, J.) (order of January 24, 2014 (same)); *Henderson v. Punke*, Case No. 13 C 1429 (C.D. Ill.) (Mihm, J.) (order of September 16, 2013) (same)). Additionally, the Court notes that it dismissed a civil rights action brought by Plaintiff due to his failure to disclose his litigation history and failure to advise the Court that he had "struck out" as recently as July of 2016. *See Henderson v. Warden Varga*, Case No. 16 C 50226 (N.D. Ill.) (Kapala, J.) (order dated July 8, 2016).

Despite the above, Plaintiff has again failed to disclose his "struck out" status in this lawsuit, and has failed to disclose his full litigation history (he discloses a single lawsuit – *Henderson v. Pfister* – in the instant complaint). On page six of the instant complaint, Plaintiff states that his "three strikes rule cases" are "unknown." But the Court finds Plaintiff's contention highly dubious given that Plaintiff is a seasoned litigator who has filed no less than 19 federal lawsuits and has been explicitly advised (by this Court and others) that he has indeed struck out and that he must disclose all his prior litigation. The instant suit does not qualify under the imminent danger exception. Consequently, 28 U.S.C. § 1915(g) prevents him from proceeding without prepayment of the $400.00 filing fee, and his application for leave to proceed *in forma pauperis* ("IFP") is denied.

In addition, the Court is required to immediately dismiss this suit with prejudice pursuant to *Hoskins v. Dart*, 633 F.3d 541 (7th Cir. 2011), and *Sloan v. Lesza*, 181 F.3d 857 (7th Cir. 1999). *Hoskins* and *Sloan* instruct that a Court must dismiss a case with prejudice when a prisoner fraudulently conceals that he has "struck out" under § 1915(g) in an attempt to wrongfully obtain IFP status. As discussed above, Plaintiff failed to disclose his full litigation

history (including his three strike status), and sought leave to proceed IFP despite being previously warned on numerous occasions that he had "struck out" and thus was ineligible for IFP status. Plaintiff's fraudulent attempt requires "immediate termination" of this action. *Sloan*, 181 F.3d at 859. This action is accordingly dismissed with prejudice. Plaintiff remains obligated to pay the full filing fee of $400. *See* 28 U.S.C. §1915(b)(1); *Sloan*, 181 F.3d at 859.

As a final matter, the Court notes that Plaintiff was warned in case no. 16 C 50226 that he may not proceed with any new litigation until he has paid all outstanding filing fees (*see* case no. 16 C 50226, docket no. 5). Nonetheless, Plaintiff filed this lawsuit, and the Court's Fiscal Department reports that, as of the date of this order, Plaintiff has not paid his outstanding filing fees. Should Plaintiff persist in this manner, the Court will recommend to the Executive Committee that he be barred from any future filings.

Date: March 15, 2017